**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 10-3623

UNITED STATES OF AMERICA

v.

AHMED WALKER,
a/k/a Amelios,
a/k/a Ammo

Ahmed Walker,
                    Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-00-cr-00300-003)
District Judge:  Honorable Sylvia Rambo

Submitted under Third Circuit LAR 34.1
on July 15, 2011

Before:  RENDELL, SMITH and ROTH, Circuit Judges

(Opinion filed: September 9, 2011)

O P I N I O N

**ROTH**, Circuit Judge:

Ahmed Walker appeals from the District Court's partial denial of his 28 U.S.C. §

2255 petition. The District Court certified for appeal two ineffective assistance of counsel claims and a sentencing issue.[1] For the reasons discussed below, we will affirm.

On May 16, 2001, a grand jury issued a superseding indictment charging Walker and two co-defendants with seven counts arising from their participation in a shootout at the Lebanon Village Apartments with a rival drug gang from New York.[2] Walker pleaded not guilty and proceeded to trial.

In the midst of trial, Walker's co-defendants entered into guilty pleas with the government. After the guilty pleas were entered with the trial court, Walker's trial counsel moved for a mistrial, arguing that no curative instruction would adequately address why Walker remained in the courtroom and that the testimony of two witnesses would not have been admitted had Walker been the only defendant. The trial court denied the motion but gave the jury a curative instruction.

During the trial, Dennis Rittle also twice stated in his testimony that Walker had

[1] In light of the Supreme Court's holding in *Abbott v. United States*, __ U.S. __, 131 S. Ct. 18 (2010), Walker withdrew his application for certificate of appealability on the sentencing issue. (Appellant Br. at 16 n.10.) We therefore do not have jurisdiction to consider this issue. *See* 18 U.S.C. § 2253(c)(3).

[2] Walker was charged with six counts: (1) conspiracy to possess, use, carry, brandish, and discharge firearms in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c) and (o); (2) possessing, brandishing and discharging a firearm in furtherance of drug trafficking on March 13, 2000, in violation of 18 U.S.C. § 924(c); (3) possession of firearms in furtherance of drug trafficking on July 12, 2000, in violation of 18 U.S.C. § 924(c); (4) possessing, brandishing and discharging a firearm in furtherance of drug trafficking between July 18, 2000, and July 21, 2000, in violation of 18 U.S.C. § 924(c); (5) criminal conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine, cocaine hydrochloride and heroin, in violation of 21 U.S.C. §846; and (6) distribution and possession with intent to distribute 50 grams or more of crack cocaine, cocaine hydrochloride, heroin, and marijuana, in violation of 21 U.S.C. § 841(a). (Dkt. 48.)

2

been shot, despite the District Court's pre-trial ruling that any reference to an unrelated shooting in which Walker had been injured was inadmissible. Rittle's statements were brief and addressed the injury Walker sustained during the July 21, 2000, shooting. The government did not improperly elicit this testimony and, in response, sought to avoid drawing further attention to the testimony by directing Rittle to other subjects. Walker's trial counsel moved for a mistrial on the grounds that Rittle's two references to Walker's shooting injuries were inappropriate. The trial court denied Walker's motion. Walker's counsel did not seek a curative instruction.

The jury found Walker guilty on all counts. The District Court sentenced Walker to 681 months' imprisonment. On appeal, we vacated his sentence in part and remanded for resentencing. *See United States v. Walker*, 136 Fed. Appx. 524, 526 (3d Cir. 2005). On remand, the District Court reduced Walker's sentence to 622 months. In a subsequent appeal, we affirmed Walker's second sentence. *See United States v. Walker*, 251 Fed. Appx. 735 (3d Cir. 2006), *cert. denied Walker v. United States*, 557 U.S. 1137 (2007).

Walker then filed a *pro se* habeas petition under 28 U.S.C. § 2255, alleging fourteen claims of error including ineffective assistance by trial and appellate counsel. The court held an evidentiary hearing on April 20, 2010, and permitted Walker to file a supplemental post-hearing brief.

During the evidentiary hearing, Walker's trial counsel testified that he had moved for a mistrial – rather than requesting a curative instruction – after the co-defendants pleaded guilty and were excused from the trial because he "basically[] didn't think the curative instruction was adequate – [he] didn't think the curative instruction would

3

suffice." With respect to Rittle's statements about Walker's gunshot wound, although he "[had] no independent recollection of what [he] was thinking at that time" because the trial occurred eight years before, counsel stated that he did not seek a curative instruction concerning those statements because he "didn't want to cause it anymore – give anymore importance to it or bring it up again."

The court granted in part and denied in part Walker's habeas petition.[3] With respect to the curative instruction related to the co-defendants' absence, the court noted that "it certainly would have been preferable for the court to have explicitly stated that the absence of other defendants should not be held against Walker, rather than simply stating that the reasons for their absence was not a matter for the jury's concern," but ultimately concluded that the district court's instruction was not so "woefully inadequate" as to call the proceedings into question. As for the shooting incident, the court found that trial counsel's decision not to request a curative instruction was "the sort of strategic decision made by trial counsel that falls well within the wide range of reasonable professional assistance."

We have appellate jurisdiction of this appeal pursuant to 28 U.S.C. §§ 1291 and 2255(d). We exercise plenary review over the District Court's legal conclusions and

---

[3] The District Court granted Walker's motion as to his claim that the trial court erred when it imposed two consecutive sentences for possession of a firearm in furtherance of drug trafficking. Relying on *United States v. Diaz*, 592 F.3d 467, 475 (3d Cir. 2010), the District Court held that because there was no way of knowing which predicate offense was associated with which § 924(c) charge, it could not "simply assume that the § 924(c) charges were tied to the separate predicate offenses." (Dkt. 498 at 14.) Therefore, the District Court vacated Walker's conviction and sentence as to Count 4. (*Id.*)

4

apply a clearly erroneous standard to the District Court's factual findings in a habeas proceeding. *United States v. Cepero*, 224 F.3d 245, 258 (3d Cir. 2000) (*en banc*).

To succeed on his ineffective assistance of counsel claims, Walker must demonstrate (1) that trial counsel's performance was unconstitutionally deficient and that (2) such performance prejudiced Walker's defense. *Boyd v. Waymart*, 579 F.3d 330, 350 (3d Cir. 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984)). We agree with the District Court's determinations on both claims of ineffective assistance. We will therefore affirm the judgment of the District Court.